BRYAN SCHRODER
United States Attorney

RYAN TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Nos. 4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| TIFFANY JAMIL FLENAUGH, | ) |
| Defendant. | ) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in: Case No. 4:19-cr-00020: Count: 1 - Receipt of Firearm While Under Felony Indictment, in violation of 18 U.S.C. § 922(n); Count 2 – Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j). The parties agree to jointly recommend a sentence of 18 months and the maximum term of three-years' supervised release. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictments in Case Nos. 4:19-cr-00019 and 4:19-cr-00020. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss Case No. 4:19-cr-00019.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO Page 2 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 2 of 20

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1: Case No. 4:19-cr-00020: Receipt of Firearm While Under Felony Indictment, a violation of 18 U.S.C. § 922(n)

Count 2: Case No. 4:19-cr-00020: Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j)

### B. Elements

The elements of the charge(s) in Count 1 in Case No. 4:19-cr-00020 to which the defendant is pleading guilty are as follows:

1. The defendant willfully received a firearm;
2. At the time the defendant received the firearm she knew that she was under indictment for a crime punishable by imprisonment for a term exceeding one year; and
3. The firearm was shipped or transported in and affecting interstate or foreign commerce.

The elements of the charge(s) in Count 2 in Case No. 4:19-cr-00020 to which the defendant is pleading guilty are as follows:

1. The defendant possessed a stolen firearm;

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO    Page 3 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 3 of 20

**2.** The defendant knew or had reasonable cause to believe that the firearm was stolen; and

**3.** The firearm was transported in interstate or foreign commerce.

**C.   Factual Basis**

The defendant admits the truth of the allegations in Counts 1 and 2 of the Indictment in Case No. 4:19-cr-00020, and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

On November 19, 2019, the defendant knew that she was under indictment for the following crimes punishable by imprisonment for a term exceeding one year:

| Indictment Date | Offense | Court | Case No. |
|---|---|---|---|
| October 30, 2018 | Assault 3 - Cause Fear Of Injury with Weapon (Class C Felony) | State of Alaska | 4FA-18-02855CR |
| October 30, 2018 | Assault 3 - Cause Fear Of Injury with Weapon (Class C Felony) | State of Alaska | 4FA-18-02855CR |
| October 30, 2018 | Assault 3 - Cause Fear Of Injury with Weapon (Class C Felony) | State of Alaska | 4FA-18-02855CR |

On November 19, 2019, at the Rabinowitz State Courthouse in Fairbanks, Alaska, the defendant was standing trial for the aforementioned felony charges. During a break in her trial, the defendant approached the State of Alaska's evidence box, which contained, among other things, the defendant's gun – a Taurus 450 Titanium, .45 caliber revolver (the "revolver"), which the State of Alaska alleged the defendant unlawfully

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                                          Page 4 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 4 of 20

brandished, causing fear of injury with a weapon.  The defendant removed the revolver from the evidence box and concealed it under her clothes.  She then replaced the revolver with a pair of court-issued headphones and fled from the courtroom and courthouse.  Both the Assistant District Attorney and the court clerk witnessed the defendant remove the revolver from the evidence box.

The defendant proceeded outside the courthouse with the concealed revolver and buried the revolver in the snow.  Law enforcement searched the area outside the courthouse with K9s and eventually located the revolver buried in the snow behind a shed.  The Taurus 450 Titanium, .45 caliber revolver the defendant received was manufactured outside the State of Alaska and was shipped or transported in and affecting interstate or foreign commerce.  The defendant admits that she knowingly and willfully received the revolver while knowingly under indictment for crimes punishable by imprisonment for a term exceeding one year.  The defendant knew that the revolver was in the custody of the Fairbanks Police at the time and that she did not have permission to take the gun.  The defendant knew or had reasonable cause to believe that her taking of the gun was unlawful.

Additionally, on September 3, 2019, the defendant entered the Spirit of Alaska Federal Credit Union (FCU) on 1417 Gillam Way, Fairbanks, AK, wearing a hoodie pulled tightly around her face and gold rimmed glasses.  The defendant approached the credit union teller and stated: "Give me the money."  The teller requested the defendant's account number, to which the defendant replied, "bitch, this is a robbery, give me the money."  The teller retreated to alert her manager.  The defendant subsequently walked

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                                        Page 5 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 5 of 20

quickly out the door and fled the scene. As of September 3, 2019, the deposits of the Spirit of Alaska FCU were insured by the National Credit Union Administration Board.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1 in Case No. 4:19-cr-00020: 18 U.S.C. § 922(n) (Receipt of Firearm While Under Felony Indictment)

1) 5 years' imprisonment;

2) $250,000 fine;

3) 3 years' supervised release; and

4) $100 special assessment.

Count 2 in Case No. 4:19-cr-00020: 18 U.S.C. § 922(j) (Possession of Stolen Firearm)

1) 10 years' imprisonment;

2) $250,000 fine;

3) 3 years' supervised release; and

4) $100 Special Assessment.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                    Page 6 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 6 of 20

## 2. Other Matters Affecting Sentence

### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO    Page 7 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 7 of 20

right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

### F. Forfeiture

Defendant admits the Criminal Forfeiture Allegations of the Indictment in their entirety, and that the below-described property is subject to forfeiture to the United States.

Defendant admits that Defendant's interest, if any, in the following property is subject to forfeiture to the United States as property constituting any firearm or ammunition involved in or used in knowing violation of 18 U.S.C. §§ 922(g)(1) and/or 924, including but not limited to: one Taurus 450 Titanium, .45 caliber revolver, Serial No. SK779250

Defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial,

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO Page 8 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 8 of 20

which has been or may be initiated by the United States.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property to the United States, including but not limited to, executing documents and testifying truthfully in any forfeiture proceeding.  Defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant understands and acknowledges that the United States is relying upon the Defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea agreement.  If Defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement.

The defendant further waives all constitutional, statutory, procedural, appellate, habeas corpus, and equitable challenges in any manner against any federal, state, local government regarding the seizure, custody, forfeiture, or disposition of the property listed in the above paragraph, to include that the property listed above is an excessive fine.  The defendant agrees to the immediate entry of any orders concerning the forfeiture or other disposition of the property listed in the above paragraph.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                                    Page 9 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 9 of 20

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. U.S.S.G. § 3C1.1

The defense will not oppose application of a +2 point adjustment for "Obstructing or Impeding the Administration of Justice" under U.S.S.G. § 3C1.1.

#### 2. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO  Page 10 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 10 of 20

criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree to jointly recommend a sentence of 18 months and the maximum term of three-years' supervised release. The parties agree to jointly recommend that, as a condition of supervised release, the defendant must obtain a mental health assessment and follow all recommendations, including any in-patient treatment, and must follow all mental health treatment recommendations made by providers, including taking any medications as prescribed for schizophrenia, Schizoaffective Disorder, or any other diagnosed mental health conditions. The defendant is also required to sign and maintain any forms necessary to allow the Probation Office to monitor the defendant's compliance with this condition. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictments in Case Nos. 4:19-cr-00019 and 4:19-cr-00020. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                                     Page 11 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 11 of 20

be imposed in these cases based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss Case No. 4:19-cr-00019.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO   Page 12 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 12 of 20

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO  Page 13 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 13 of 20

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO  Page 14 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 14 of 20

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C.  Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D.  Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E.  Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                Page 15 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 15 of 20

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO     Page 16 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 16 of 20

basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Tiffany Jamil Flenaugh, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO                                   Page 17 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 17 of 20

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO  Page 18 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 18 of 20

plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Receipt of Firearm While Under Felony Indictment, in violation of 18 U.S.C. § 922(n); and Count 2 – Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(n) of the Indictment in Case No. 4:19-cr-00020 and admit the forfeiture allegation of the Indictment in their entirety.

DATED: 05/11/2021

_____
TIFFANY JAMIL FLENAUGH
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 5/13/21

_____
MICHELLE NESBETT

Attorney for Tiffany Jamil Flenaugh

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 05/18/2021

*signature*

BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Tiffany Jamil Flenaugh
4:19-cr-00019-RRB-SAO; 4:19-cr-00020-RRB-SAO    Page 20 of 20
Case 4:19-cr-00019-RRB-SAO   Document 93   Filed 05/18/21   Page 20 of 20